**Douglas Victor BOYINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. A14–89–277–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 8, 1990.

Discretionary Review Refused (Appellant) June 13, 1990.

Discretionary Review Refused (State) June 13, 1990.

Roger Bridgwater, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

### J. CURTISS BROWN, Chief Justice.

A jury found appellant Douglas Victor Boyington guilty of the felony offense of arson. The jury found the enhancement paragraphs true and sentenced appellant to seventy-five (75) years in the Texas Department of Corrections. Appellant brings four points of errors. For the reasons discussed below, we affirm the judgment of the trial court.

In the evening of August 16, 1988, a fire destroyed building 17 of the Benchmark Apartment complex. Emily Garcia, an acquaintance of the appellant and one of the residents in building 17, testified that several minutes before flames engulfed her apartment she saw appellant carrying a Fiesta shopping bag containing rattling bottles. She observed appellant from her apartment balcony and described him as wearing blue jeans and a reddish checkered shirt over a T-shirt. A second Benchmark resident, Maria Elena Ayala, testified that she saw a man wearing blue jeans and a light-colored, button-down shirt placing the contents of a Fiesta bag in the utility area of the building minutes before it was ablaze. Another resident, Shannon Wallen, also observed a man wearing blue jeans and a western shirt at the building immediately before the fire. Wallen further testified that he observed the man using bolt-cutters to remove the nails sealing the utility area door. Wallen smelled alcohol and gasoline as he passed the man and noticed that the man had a Fiesta bag. A fourth Benchmark resident, Vicki Taylor Overbey, testified that minutes before she was aware of the fire she encountered the appellant near her apartment. Overbey stated that appellant, who had singed hair and was wearing blue jeans and a white T-shirt, told her that "[s]ome Mexicans burned my dad, and I've come back to burn them."

■ In his first point of error the appellant asserts that the evidence is insufficient to prove that the fire involved in this cause was started by igniting a flammable liquid. In his point appellant does not challenge the sufficiency of the evidence supporting that he was the culpable actor, but instead focuses on the State's allegation of how he started the fire. Although the State need not have alleged such specific details to support a conviction, when an unnecessary matter in a charging instrument describes an essential element of the offense, the State must prove the unnecessary matter at trial. *Upchurch v. State,* 703 S.W.2d 638, 640 (Tex.Crim.App.1985).

In an appeal challenging the sufficiency of evidence, reviewing courts must view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The Court of Criminal Appeals has stated that an appellate court "is never to make its own myopic determination of guilt from reading the cold record." *Moreno,* 755 S.W.2d at 867. Instead, "a verdict must stand unless it is found to be irrational or unsupported by more than a 'mere modicum' of the evidence." *Id.*

■ The combined testimony of the Benchmark residents placed appellant at the fire site minutes before the blaze, smelling of gasoline and alcohol, and carrying a bag of rattling bottles. Additionally, two expert witnesses testified that in their opinions the flame was intentionally started with a combustible fluid such as gasoline. When viewed in the light most favorable to the verdict, this evidence more than adequately supports that appellant started the fire with a flammable liquid. Point one is overruled.

■ In his second point of error appellant claims the trial court erred in denying his motion for mistrial when a witness stated that he had previously testified at a parole hearing for appellant involving this cause. At the time of the statement, however, appellant lodged no objection and requested no jury instruction. Failure to object in a timely and specific manner during trial will waive error in the admission of

**471**

evidence. *Little v. State*, 758 S.W.2d 551, 563 (Tex.Crim.App.1988) (citations omitted).

Appellant emphasizes that in a hearing following the witness' testimony appellant's counsel stated that he chose not to object at the time as he felt it would draw attention to the witness' improper reference. Although the trial judge acknowledged appellant's strategy, a timely objection to the remark and a jury instruction to disregard could have cured the error. *Barney v. State*, 698 S.W.2d 114, 125 (Tex. Crim.App.1985); *Coe v. State*, 683 S.W.2d 431, 436 (Tex.Crim.App.1984). Where a cure could have been made, and none was requested, there is no reversible error. *Blassingame v. State*, 477 S.W.2d 600, 604 (Tex.Crim.App.1972); *Zataraus v. State*, 666 S.W.2d 294, 296 (Tex.App.—Houston [14th Dist.] 1984, no pet.). This court need not reverse the trial court's judgment based solely on a tactical error committed by appellant. We therefore overrule appellant's second point.

■ In his third and fourth points of error appellant contends that the trial court erred in denying appellant's motion for mistrial after jury members viewed appellant in handcuffs. While it is true that requiring an accused to wear handcuffs before the jury infringes his constitutional presumption of innocence, *Moore v. State*, 535 S.W.2d 357, 358 (Tex.Crim.App.1976), it is also true that a momentary, inadvertent, and fortuitous encounter away from the courtroom between a handcuffed accused and one or more of the jurors does not necessarily call for a mistrial or reversal. *Clark v. State*, 717 S.W.2d 910, 918–19 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987); *see also Coleman v. State*, 642 S.W.2d 205, 207 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). In the case before us the trial judge took the initiative to interview jurors subsequent to the trial to determine which members had witnessed the appellant in handcuffs and if the sight had influenced them in their decision to convict appellant or in assessing punishment. The judge's investigation revealed that only two jurors had observed appellant in handcuffs. The jurors stated that there was no discussion of the incident during deliberations and that their decisions were in no way influenced by what they had seen. Since appellant's appearance in handcuffs did not affect the outcome of the trial, we overrule his third and fourth points of error.

The judgment of the trial court is affirmed.