Juan Garcia MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13-90-267-CR, 13-90-268-CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 19, 1991.

Albert Garcia, Brownsville, Larry Wagner, Harlingen, for appellant.

Luis V. Saenz, County Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and ROBERT J. SEERDEN and GERALD T. Bissett[1], JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted by a jury on two separate indictments of aggravated sexual assault of a child. The jury sentenced him to forty years in prison for each charge, to run consecutively. Appellant requests a new trial, based upon twenty-seven points of error, in which he alleges admission of hearsay evidence, improper jury argument, alignment of the trial court with the prosecution, improper bolstering of the complaining witness, and admission of extraneous offenses. The judgments of the trial court are affirmed.

In his first three points of error, appellant complains that the trial court erroneously allowed the hearsay testimony of Rene Melendez, a social worker who took the complaining witness's outcry statement. In child sexual abuse cases, a statutory exception to the hearsay rule applies to statements made by the child to the first person, eighteen years of age or older, to whom the child described the offense. Tex.Code Crim.Proc.Ann. art. 38.072 § 2(a) (Vernon 1979 & Supp.1991). The State must give notice of its intention to use any such statements fourteen days in advance of trial, and must provide the accused with a summary of the statement. Tex.Code Crim.Proc.Ann. art. 38.072 § 2(b) (Vernon 1979 & Supp.1991).

At a hearing out of the jury's presence, the trial court, finding that Melendez' outcry testimony was reliable based on time, content, and circumstance, ruled that Melendez would be designated as the outcry witness, and further, took judicial notice of all of the documents on file at that time. Melendez then testified before the jury that the complaining witness had told him that appellant had forced her to have sexual intercourse with him on several occasions. In one incident, he took her from her bed late one night, carried her to the living room, and had intercourse with her on the couch. The abuse was repeated several times in a little outhouse on the property. The complaining witness was eight years old at the time the charged offenses occurred.

Appellant's complaint regarding Melendez is threefold. In point of error number one, appellant argues that Melendez was not the first person over eighteen years old to whom the complaining witness made a statement about the offense. In point two, he contends that the State did not give proper notice of its intention to use the statement. In point three, he claims that the State did not give him an adequate summary of the outcry statement.

First, appellant did not preserve error. Counsel failed to complain at trial that Melendez was not the first person over eighteen to whom the child described the incident. An appellant does not preserve for review any error in the admission of evidence absent a timely objection. Tex.R.App.P. 52(a); Tex.R.Crim.Evid. 103(a)(1). Such an issue may not be raised for the first time on appeal. *Munoz v. State*, 763 S.W.2d 30, 34 (Tex.App.—Corpus Christi 1988, pet. ref'd).

Next, appellant complains that he did not receive notice of the State's intention to use the child's outcry statement and that he made timely objection to this deficiency. Appellant's counsel stated in the record that he had been told that Melendez would be the outcry witness. Counsel's

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

Gov't Code Ann. § 74.003 (Vernon 1988).

objection was to the absence of a summary, not to a lack of notice. An error presented on appeal will not be considered if it varies from the specific objection made during trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986); *Baldonado v. State*, 745 S.W.2d 491, 496 (Tex.App.—Corpus Christi 1988, pet. ref'd).

■ Next, appellant claims that he did not receive an adequate summary of the statement, as required by art. 38.072, because the summaries he received merely tracked the language of the indictments and did not include the complaining witness's claim that appellant had threatened to beat her and kill her mother if she told anyone of the abuse. Counsel notified the trial court through objection that he had not received any summary of the outcry evidence. However, the trial court had taken judicial notice of the documents on file. Included in those documents was a short summary of the outcry statement attached to the State's art. 38.072 notice designating the outcry witness. Counsel's objection that he had not received a summary is contradicted by the record, which shows that a summary was timely provided. Appellant now complains that the notice was insufficient because it merely tracked the language of the indictment. Once again, this complaint was not raised at trial and therefore has not been preserved for appeal. Appellant's first three points of error are overruled.

■ In points four through seven, appellant complains of erroneous admission of hearsay. The trial court allowed the testimony of Dr. Mendiola, a physician who examined the complaining witness. Mendiola testified that the girl's mother had requested the examination because she suspected that the child had been sexually abused by her stepfather. Mendiola found that the child had no hymenal ring and that such condition was consistent with the mother's allegations of sexual abuse. Appellant failed to make any objection to Mendiola's testimony on the grounds he now raises. This issue has not been properly preserved for review. Tex.R.App.P. 52(a); Tex.R.Crim.Evid. 103(a)(1). Points four through seven are overruled.

■ In his eighth point of error, appellant complains of jury misconduct so egregious that his request for a mistrial should have been granted. Immediately prior to the time the complaining witness took the stand, one of the jurors saw the child crying in the hallway and the prosecutor trying to calm her down. Counsel notified the court of the incident through objection and then moved for a mistrial. The motion was denied.

Appellant claims that, under *Shivers v. State*, 756 S.W.2d 442 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), the trial court had a duty to instruct the jury to disregard the moment the court was informed of the incident. Appellant argues that, when the trial court failed to so instruct, the jury was allowed to consider "other evidence" not within the record which was prejudicial to appellant on a material issue under consideration, and that he is therefore entitled to a new trial.

The *Shivers* case does not control here. There is no evidence of egregious misconduct such as the type presented by *Shivers*. Here, it appears from the record that the juror saw the victim crying merely by a chance encounter, long before deliberations ever took place. There is no evidence in this case of any action by the trial court which obstructed appellant's knowledge of the incident. We find this situation more akin to the occasions when a juror accidently sees the defendant in shackles outside the courtroom. In these cases, error is usually urged on grounds that such an outside influence on jurors is prejudicial and deprives the accused of his right to a presumption of innocence. *See Moore v. State*, 535 S.W.2d 357, 358 (Tex.Crim.App. 1976). However, a momentary, inadvertent and fortuitous encounter away from the courtroom does not necessarily call for a mistrial or reversal. *Clark v. State*, 717 S.W.2d 910, 918–19 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987); *Boyington v. State*, 787 S.W.2d 469, 471 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). In these

cases, it is incumbent upon the appellant to affirmatively show prejudice, usually by establishing that the jurors did in fact see the accused (in chains), that they discussed the incident with other jurors, and that the sight influenced their decision to convict. *Boyington*, 787 S.W.2d at 471. *See also Wright v. Texas*, 533 F.2d 185, 187 (5th Cir.1976); *Garber v. State*, 671 S.W.2d 94, 96 (Tex.App.—El Paso 1984, no pet.). In appellant's case, no such showing of prejudice was attempted. Point eight is overruled.

In points of error nine through eighteen, appellant claims that the trial court erred in allowing improper jury argument, both at the guilt-innocence phase and the punishment phase of trial. He complains that the prosecutor's remarks violated his right to plead not guilty, injected new and harmful facts which were not in the record, asked for punishment based on extraneous offenses, and drew conclusions that could not properly be inferred from the evidence. The State's jury argument must be confined to one of four categories: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) response to defendant's argument, and (4) pleas for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App.1990); *Hinojosa v. State*, 788 S.W.2d 594, 597 (Tex.App.—Corpus Christi 1990, pet. ref'd). Appellant did not preserve these claims by proper objection. Generally, failure to object waives any error in a claim of improper jury argument. *Briddle v. State*, 742 S.W.2d 379, 390 (Tex.Crim.App.1987), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1989); *Tejerina v. State*, 786 S.W.2d 508, 511 (Tex.App.—Corpus Christi 1990, pet. ref'd). Unless the prosecutor's argument was so prejudicial that an instruction to disregard could not have removed its ill effects from the jury's mind, reversal will not result. *Hinojosa*, 788 S.W.2d at 596. In determining whether the argument is manifestly improper, the reviewing court is to look at the record as a whole. *Willis v. State*, 785 S.W.2d 378, 385 (Tex.Crim.App. 1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 279, 112 L.Ed.2d 234 (1990). Here, appellant claims that the prosecutor's closing

remarks violated his right to plead not guilty and to stand trial. The argument reads as follows:

> In these type[s] of cases they never will admit that they have done something wrong. They will admit to murder, robbery, to assault, to beating, before they will admit to guilt in this type of thing....

We do not find the argument improper. This argument occurred at the punishment phase, and arguments that stress the accused's lack of remorse are not improper, so long as they do not constitute comments on the accused's failure to testify. *McMahon v. State*, 582 S.W.2d 786, 791 (Tex. Crim.App.1978) (argument that the jury had seen no evidence of remorse held not improper because, viewed from jury's standpoint, prosecutor's remarks could be construed as failure to show remorse through evidence from other witnesses, and not as comment on defendant's failure to testify). *See also Asay v. State*, 456 S.W.2d 903, 905–06 (Tex.Crim.App.1970). Appellant did testify on his own behalf, and the remarks at issue occurred as part of the prosecutor's comment on appellant's demeanor on the stand, not as a comment on appellant's failure to testify. Point nine is overruled.

█ In point ten, appellant claims that the prosecutor insinuated that, absent conviction, appellant would molest other children, and that this argument was manifestly improper. Specifically, the argument ran as follows:

> My job is to protect that child and to make sure that the defendant does not go back out on the street and continue to assault the children, whether it's this child or any other....

This argument is a proper plea for law enforcement. Point ten is overruled.

In points eleven, thirteen, and eighteen, appellant complains that the prosecutor's argument injected new facts which were not in the record. In point eleven, for instance, he complains of the following argument:

> He [appellant's fifteen-year-old son] was the one that his stepmother was being

beaten and he never did anything, why? Maybe because he was afraid of the defendant.

The son had testified unequivocally that he was not afraid of his father, and yet the State speculated that perhaps this was not the case. We find that the argument does not inject new facts into the record, but rather, it is a valid inference from the evidence. Point eleven is overruled.

■ Next, appellant argues that the prosecutor's discussion of a "cycle of violence" in appellant's home injected new and harmful facts before the jury which were not in evidence, and was improper because it tended to show an affect on other lives. In the portion complained of, the prosecutor was again speaking of appellant's fifteen-year-old son:

Maybe ... he himself in the future ... would beat his wife because a cycle has begun. The father beats the mother and its okay ... so this young man ... will then do that with whatever wife or girlfriend he has.

We find that the argument was invited by appellant's counsel who asked the jury to consider the fact that their punishment decision would affect persons other than appellant. Moreover, the record contains evidence that several of the children in appellant's home had witnessed him beating his wife. The comments were not outside the record, and, in light of appellant's own argument, the State's remarks were invited.

■ Similarly invited was the State's claim that the victim needed therapy, which appellant objects to in his eighteenth point. Appellant's counsel was the first to make reference to therapy in his closing argument, when he stated:

I'd like for you to consider all of the facts, ... including the demeanor, the therapy, the grief, the remorse, and I'd also like you to consider the fact that there are more people than one that's (sic) being impacted by the decision you all make today."

These points of error are overruled.

■ In his twelfth point of error, appellant claims that the prosecutor improperly represented to the jury that the victim wanted her assailant jailed. The Texas Court of Criminal Appeals has held that such arguments are improper because the victim's desire that the accused be incarcerated is too subjective for the prosecutor to comment on accurately without that evidence in the record. *Dorsey v. State*, 709 S.W.2d 207, 210 (Tex.Crim.App.1986). In appellant's case, the prosecutor did not claim that the victim wanted appellant jailed. She merely asked that the jury assess the maximum punishment "on behalf of the State and on behalf of the victim." We are not convinced that this argument is improper. In *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App.1990), the jury argument in a case of aggravated rape of a child reads: "This is 'K—'s' day in court. Doesn't she deserve something for this? For the ones who never come and tell you about it, who are too frightened." Although the complaint in *Borjan* focused on the language of the latter sentence as being an improper speculation on extraneous offenses, the argument as a whole was held to be a proper plea for law enforcement. If any error was presented by asking for punishment on behalf of the victim, we find that it could have been cured by instruction, which was not requested. *Romo v. State*, 631 S.W.2d 504, 505 (Tex. Crim.App.1982); *Hinojosa*, 788 S.W.2d at 599. Point twelve is overruled.

■ By his fourteenth and seventeenth points of error, appellant contends that the prosecutor's argument about the emotional effects on the complaining witness injected prejudicial facts outside the record. The argument ran as follows:

You know a *regular* child should enjoy being a child, she should enjoy playing outside, should not be in school thinking of what had happened, blaming herself, saying, "Hey, maybe it was my fault. Maybe it was my fault that this happened to me."

[I ask that] at the minimum you give him life. Because he took ... a life in a sense, in the sense that this child will never have her life like our children will,

like a *regular* child should (appellant's emphasis added).

And further:

I cannot erase the emotional scars that she will always have until she dies.

Appellant complains that there is no evidence in the record that the complaining witness felt the feelings described, or that those are the feelings of sexual abuse victims in general. Neither was there expert testimony that established that the child suffered emotional damage. Appellant claims he was harmed because the State based its appeal for life imprisonment upon the life-long effect to the child. We disagree. Rene Melendez, the Child Protective Service Specialist, testified that he had observed and interviewed the child and had found that she was fearful, that she exhibited feelings of shame, and that sexual abuse victims experience guilt because they often believe the abuse arises through some fault of their own. Although it is questionable whether Melendez would qualify as an expert, appellant did not object to his testimony as being the opinion of an unqualified lay witness. Melendez' testimony provides the necessary support in the record for the argument. Furthermore, arguments that refer to life-long emotional effects to the victim have been held to be proper. *See Stone v. State,* 574 S.W.2d 85, 90 (Tex.Crim.App.1978). Points fourteen and seventeen are overruled.

In his fifteenth point of error, appellant complains that the prosecutor improperly injected her own opinion by the following jury argument:

I really, sincerely feel sorry for his children, that is, it's not their fault. They have nothing to do with this. This man not only destroyed 'A—' he has destroyed his other children.... It hurts me because I like children, to see what he had done to all these children.

It is improper for the prosecutor to argue on the basis of her own opinion. However, in context of the entire argument, *Mosley v. State,* 686 S.W.2d 180, 183 (Tex.Crim. App.1985); *Hinojosa,* 788 S.W.2d at 597, we find that these statements were not so prejudicial or manifestly improper that re-

versal is required. Point fifteen is overruled.

In his sixteenth point of error, appellant claims that the prosecutor appealed to the jury to assess increased punishment for collateral crimes. He bases this claim upon the following argument:

The Macho Man didn't have any problem beating his wife, not once or twice, but repeatedly. That is the type of person this man is. The type of man that used drugs, the type of man that used alcohol, but not, now when he's here and he knows that he's going to be going to prison, now he wants mercy from you, he wants you to say, "Well, the poor guy."

We disagree with appellant's contention. Appellant pleaded for mercy at punishment. The prosecutor was not asking for increased punishment based upon these bad acts. She was responding to appellant's claim that he should be given mercy by using specific facts in the record, which appellant himself testified to, in order to answer the claim that appellant was deserving of mercy. We find no error in this argument. Point sixteen is overruled.

In point nineteen, appellant complains that the trial court commented on the evidence and assisted the State in proving part of its case. Specifically, appellant argues that the trial court prejudiced appellant when the trial judge intervened on his own motion to clarify the record. The complaining witness was demonstrating the incidents of sexual abuse with dolls. When she complied with the request to identify the female's "private part," the trial judge stated, "Let the record reflect she has identified the vagina area." Appellant construes this as a comment on the evidence which intimated the court's own inclination in the case to the jury. Counsel made no objection to the trial court's actions and appellant raises this issue for the first time on appeal. In the absence of a trial objection, nothing is preserved for review. *Sharpe v. State,* 648 S.W.2d 705, 706 (Tex. Crim.App.1983); *See also Reyna v. State,* 797 S.W.2d 189, 193 (Tex.App.—Corpus Christi 1990, no pet.) Point nineteen is overruled.

■ In his twentieth point of error, appellant claims that the trial court incorrectly instructed the jury on the law at voir dire when the judge told veniremen, "[that sentencing] is a compromise situation ... but that's something you all work [out] together." Appellant argues that this statement, coupled with the absence of an instruction to jurors to "hold fast to their convictions," prejudiced appellant. No objection was made to the Court's comment at voir dire, and no objections to the charge or requests for instruction were made at trial. By failing to object to the charge, appellant waived all but the most egregious error. We reverse only if any error created such harm that appellant has not had a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984); *Meyers v. State,* 737 S.W.2d 6, 9 (Tex.App.—Corpus Christi 1987, no pet.). In reviewing the entire record, we do not find that the above incident rendered appellant's trial fundamentally unfair. Point twenty is overruled.

■ In points twenty-one and twenty-two, appellant claims that the State improperly bolstered the testimony of the complaining witness. In the first instance, the prosecutor asked the complaining witness if she was telling the truth. She then asked if she understood the difference between telling the truth and telling a lie; then again, she asked the child if she was telling the truth. In the second instance, appellant complains of bolstering because the State twice asked the complaining witness to identify her assailant. The exchange that appellant objects to is as follows:

> State: Are you sure that man ... that you told us ... is the same man that was doing this to you?
>
> Witness: Yes.
>
> State: It wasn't somebody else?
>
> Witness: No, ma'am.

Appellant made no objection at trial to either of these exchanges. Any error presented by this line of questioning has therefore been waived. *Eldred v. State,* 578 S.W.2d 721, 724 (Tex.Crim.App.1979);

Tex.R.App.P. 52(a). Points twenty-one and twenty-two are overruled.

■ In point twenty-three, appellant argues that the trial court improperly admitted evidence of extraneous offenses of appellant when their probative value was substantially outweighed by the prejudicial effect. Specifically, appellant complains that the State adduced evidence that appellant had engaged in intercourse with the complaining witness on occasions other than the ones charged. Once again, appellant made no trial objection to this testimony. Thus, this complaint is waived. *Montgomery v. State,* 810 S.W.2d 372, 389 (Tex. Crim.App.1990); Tex.R.App.P. 52(a). Point twenty-three is overruled.

■ Finally, appellant complains in points twenty-four through twenty-seven that it was reversible error for the trial court to allow the State to lead the complaining witness when questioning on the most material point in the indictment—the testimony that established penetration. Counsel made no objection at any time during the State's examination of the complaining witness. Again, appellant has failed to preserve this complaint for appeal. Points twenty-four, twenty-five, twenty-six, and twenty-seven are overruled.

The judgments of the trial court are AFFIRMED.