IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-306-CR





JESSIE SANCHEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0915406, HONORABLE JAMES C. ONION, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault of a child and indecency
with a child. Tex. Penal Code Ann. §§ 21.11, 22.021 (West 1989). The district court assessed
punishment, enhanced by two previous felony convictions, at imprisonment for life on both
counts.

 In his only point of error, appellant contends the district court erred by overruling
his motion for mistrial after the prosecutor made an improper remark during jury argument at the
guilt stage. The argument complained of is as follows:



 Finally, [the complainant] is going to get older. She's going to grow up
and become a teen-ager and an adult. And maybe, hopefully one day she will meet
a man that she wants to get close to, she wants to have a relationship with, and
maybe wants to marry. You know what's going to happen? She's going to have
a hard time trusting him. She's going to have a hard time getting close to him. 
And she's going to have to do a lot of work on that. A lot of counseling. And
why is that?


 MR. YOUNG [defense counsel]: Judge, I'm sorry. There's no evidence
about any need for counseling or anything like that.


 THE COURT: I'll sustain the objection. The jury will go by the evidence
they saw and heard here in the courtroom.



At this point, appellant made the motion for mistrial that was overruled.

 The evidence shows that appellant had sexual intercourse with the victim, a seven-year-old girl, and also forced her to masturbate him. The victim's mother testified that after this
abuse began, but before she knew it was happening, she noticed that her daughter's moods
changed. "She was biting her fingernails. She was staring at the walls. She wouldn't listen to
me. She was very -- she's always been aggressive but she was being really forward, really
angry." The complainant also "didn't want to go outside and play anymore. She was with me
all the time." This Court believes that the prosecutor's argument was a reasonable deduction from
this evidence. See Stone v. State, 574 S.W.2d 85, 90 (Tex. Crim. App. 1978); Martinez v. State,
822 S.W.2d 276, 281-82 (Tex. App.--Corpus Christi 1991, no pet.). In any event, the argument
was not so prejudicial that the harm could not be cured by the court's admonition to "go by the
evidence they saw and heard." The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones; Justice Jones Not Participating]

Affirmed

Filed: July 7, 1993

[Do Not Publish]