**Opinion issued June 14, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-17-00116-CR**

———————————

**BRUCE WAYNE SUZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 77839-CR**

---

**MEMORANDUM OPINION**

Appellant Bruce Wayne Suza appeals his conviction for aggravated sexual assault of a child under 14 years old. In three issues, Suza argues (1) the evidence was insufficient to support his conviction; (2) the trial court abused its discretion in admitting evidence of an extraneous offense; and (3) the trial court abused its

discretion in allowing the complainant's mother to testify as the outcry witness because she was not the first adult to whom the complainant reported the sexual assault. We reject each of Suza's arguments and affirm.

## Background

Suza was charged with aggravated sexual assault of L.S., a child under 14 years old, and the case proceeded to trial.

L.S., who was six years old at the time of trial, testified that about a year before trial, when he lived with his father and his grandfather (Suza), Suza touched his private part with Suza's hand and mouth.[1] According to L.S., this happened "a lot." When asked what his private part was, L.S. responded "[m]y wee."

Wade Nichols, an Investigator with the Brazoria County Sheriff's Office, also testified. He explained that, in November 2015, Christian Suza reported the sexual assault of her son, L.S. Nichols obtained a written statement from Christian, which the State submitted into evidence. Nichols also made an appointment at the Children's Advocacy Center for L.S. and his siblings. Nichols reached out to Suza and asked to meet with him. Suza initially agreed but later changed his mind. At trial, the State introduced a voicemail Suza left for Nichols. In it, he denied touching

---

[1] Before L.S. testified, the trial judge met with L.S. in his chambers. The trial judge asked L.S. the difference between a truth and a lie and he asked L.S. to promise to tell the truth in the courtroom. L.S. agreed.

L.S., but noted that he put L.S. under a blanket, naked, while he washed L.S.'s clothes.

Kristi Belloumini, the Director of the Brazoria County Alliance for Children, testified that she met with L.S. and conducted a forensic interview. Belloumini testified that L.S. became visibly uncomfortable during the "disclosure" portion of the interview, he avoided eye contact, started looking around the room, and tried to change the subject.

Dr. Angela Bachim, a pediatrician with a specialization in child abuse pediatrics, testified that she examined L.S. in November 2015. Dr. Bachim noted that L.S. exhibited symptoms that showed he was under a lot of stress. Those included decreased appetite, diarrhea and constipation, nausea, and, according to his mother, weight loss. He also developed secondary enuresis—he began urinating in his bed despite being potty-trained.[2]

After reviewing her notes (which were admitted into evidence), Dr. Bachim testified that she asked L.S. if he knew why he was there that day, and L.S. responded "My grandpa sucked my wee wee. My grandpa told me to take off all my clothes and that's all." When she asked L.S. how many times this had occurred, L.S. responded "Six. I know because I counted every day." Dr. Bachim testified that L.S.

---

[2]    Dr. Bachim testified that it was not unusual for children who were victims of sexual abuse to "have accidents."

3

became withdrawn at that point. L.S. also told her that his grandfather touched his bottom. Dr. Bachim examined L.S. and there were no injuries to L.S.'s genitals or his anus. She noted, however, that the findings from the exam were not inconsistent with the reported abuse because both anal and penile injuries were rare, particularly with regard to the reported abuse. Dr. Bachim confirmed that L.S. told her directly about the abuse and the information he provided was clear and consistent.

## A.    Outcry Witness

The State designated L.S.'s mother Christian as an outcry witness, and the trial court held a hearing outside of the jury's presence to determine the admissibility of Christian's testimony. In that hearing, Christian testified that, in October 2015, her children—L.S. and his two sisters—moved back in with her after living with their father, Troy, and paternal grandfather, Suza. In November 2015, Christian obtained a restraining order to keep Troy away from her and her residence. Christian testified that because she was unable to obtain a restraining order with regard to the children, but had one for herself and her home, she decided to pull the children out of school and homeschool them to keep their father away from them.

As to the abuse, Christian testified that when she told L.S. that she was going to keep him home, he said that he did not "want to go back to Dad's house." When Christian asked him why, L.S. said that he did not "want to see Grandpa and Dad" and that he did not "like being over there." L.S. then told her: "Grandpa likes to suck

4

on [my] wee wee." Christian testified that she asked him whether he was sure and understood what he was saying, and L.S. responded that he knew what he was saying and that it had happened. He stated that Grandpa (Suza) would also touch him on his bottom and make L.S. sleep naked with him. L.S. stated generally that he had told his father, but his father "patted him on the head and smiled at him and walked away." Christian testified that she was the "first adult that . . . he shared the entire story with." Christian then went to the police, reported Suza, and completed a written statement that the State offered into evidence.

Following Christian's testimony outside of the jury's presence, the State moved to have her declared an outcry witness under section 38.072. Suza's counsel did not object and stated that he had no response. The trial court permitted Christian to testify as an outcry witness and she offered similar testimony before the jury.

## B. Extraneous Offense

The trial court also held a hearing outside of the jury's presence to determine the admissibility, under article 38.37 of the Texas Code of Criminal Procedure, of evidence of sexual assault of another child. This evidence concerned an allegation by a minor, D.C., that Suza had abused him.

At the hearing, Scott Eldridge, a former criminal investigator with the Chambers County Sheriff's Office, testified that, in 2010, he was assigned to an investigation focused on a complaint by a minor child, D.C., against Suza. Suza lived

with D.C.'s mother for a period of time and watched D.C. when his mother was away.

Eldridge stated that in the course of his investigation, he contacted Suza. Suza denied touching D.C. in a sexual way and initially told Eldridge that he only touched D.C. to make sure D.C. did not urinate in the bed. Elridrge obtained two statements from Suza, and the State offered these statements into evidence and read them on the record. In his first statement, Suza stated that D.C. slept with him at times and sometimes D.C. wanted Suza to rub his stomach or his back. Suza stated, "if I touched him I didn't know. I was sleeping hard." In his second statement, Suza stated that D.C. pulled down his own pants exposing himself, saying it hurts. Suza stated that the next night, D.C. touched Suza's genitals. Suza further averred that he "would never touch any kid like this sexually." Eldridge testified that the case eventually got dismissed. He did not know why.

D.C., who was 16 years old at the time, also testified at the hearing. He averred that Suza lived with his family in 2010, when D.C. was nine years old, and Suza slept in a bed in his room. D.C. stated that Suza would rub his stomach and make him rub Suza's, which made D.C. uncomfortable. One day, Suza began touching D.C.'s genitals in a rubbing motion underneath his clothes. D.C. testified that this occurred more than once, but he could not remember the exact number of times.

Suza's counsel objected to the admission of evidence of these extraneous acts on the ground that the State had not presented sufficient evidence to establish the offense beyond a reasonable doubt. Counsel argued that the State had not met its burden of establishing that the alleged contact was done "with intent to arouse and gratify sexual desire," an element of indecency with a child.

Overruling the objection, the trial court concluded that evidence of the extraneous offense was admissible. The judge stated on the record that "the evidence likely to be admitted will be adequate to support a finding by the jury that he committed the separate offense beyond a reasonable doubt." Suza's counsel also objected to the presentation of the evidence on due process grounds, but the trial court overruled his objection.

The trial court gave the following limiting instruction to the jury:

> You are instructed that if there is any evidence before you concerning alleged offenses against a child under 17 years of age other than the Complainant alleged in the indictment, such offense or offenses, if any, may only be considered if you believe beyond a reasonable doubt that the Defendant committed such other offense or offenses, if any, and then you may consider said evidence for any bearing the evidence has on relevant matters, including the character of the Defendant and acts performed in conformity with the character of the evidence.

D.C. and Eldridge then reiterated their testimony before the jury. On cross-examination before the jury, D.C. testified that charges against Suza concerning his allegation were dropped after D.C. told his mother that the abuse did not happen.

7

The jury convicted Suza of aggravated sexual assault of a child and assessed punishment at 45 years' imprisonment and a $10,000 fine. Suza appeals, raising three issues.

## Discussion

Suza offers three arguments on appeal: (1) the evidence was insufficient to support his conviction; (2) the trial court abused its discretion in admitting evidence of an extraneous offense; and (3) the trial court abused its discretion in allowing the L.S.'s mother Christian to testify as the outcry witness because she was not the first adult to whom the complainant reported the sexual assault. We address each in turn.

### A. Sufficiency of the Evidence

In his first issue, Suza asserts that insufficient evidence supports his conviction. We disagree.

#### 1. Standard of Review

We review the sufficiency of the evidence in the light most favorable to the verdict and then determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Acosta v. State*, 429 S.W. 3d 621, 624–25 (Tex. Crim. App. 2014). This standard of review allows a jury to resolve fact issues and to draw reasonable inferences from the evidence. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). The jury is the sole judge of witness credibility and weight to be attached to witness testimony, and when the record

8

supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict and we defer to that determination. *Id.*

In a sufficiency inquiry, direct and circumstantial evidence are equally probative. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). Not every fact presented must directly indicate the defendant is guilty, so long as the cumulative force of the evidence is sufficient to support a finding of guilt. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015).

## 2. Applicable Law

A person commits aggravated sexual assault of a child if, among other things, he intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. TEX. PENAL CODE § 22.021(a)(1)(B)(iii).

The testimony of a child victim alone is sufficient to support a conviction for sexual abuse. TEX. CODE CRIM. PROC. art. 38.07(a). Uncorroborated outcry testimony regarding the child's disclosure of the sexual assault also suffices to support a conviction. *Eubanks v. State*, 326 S.W.3d 231, 241 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

## 3. Analysis

Suza contends that a rational trier of fact would not have found, beyond a reasonable doubt, the essential elements of aggravated sexual assault of a child.

9

Specifically, he contends that the following evidence overwhelmingly outweighs any evidence of abuse: (1) Suza denied the molestation to Deputy Nichols, (2) L.S's mother was engaged in a custody battle that, he argues, "compromised L.S.'s testimony," and (3) because the charge concerning D.C.'s allegation was dismissed, D.C.'s testimony was unreliable.

We disagree and conclude that sufficient evidence supported the conviction. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and was free to accept or reject all or part of the witnesses' testimony. *See Diaz v. State,* 125 S.W.3d 739, 743–44 (Tex. App.—Houston [1st Dist.] 2003 pet. ref'd).

As explained above, the complainant, six-year-old L.S., testified that Suza repeatedly touched his private part with Suza's hand and mouth. This testimony alone could have been sufficient to support Suza's conviction. *See* TEX. CODE CRIM. PROC. art. 38.07(a); *Gonzales v. State*, 522 S.W.3d 48, 57 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (uncorroborated testimony of child victim alone was sufficient to support conviction of aggravated sexual assault of child); *Johnson v. State*, 419 S.W.3d 665, 671–72 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (same).

And this case included other evidence as well. For instance, L.S.'s mother Christian, who was designated as the outcry witness, testified that L.S. informed her of the abuse, including "Grandpa likes to suck on his wee wee." Her testimony also

10

supports the conviction. *See Eubanks*, 326 S.W.3d at 241 (outcry testimony regarding child's disclosure of the sexual assault suffices to support a conviction).

Moreover, Dr. Bachim testified that L.S. told her about the abuse ("My grandpa sucked my wee wee" six times). She stated that the symptoms L.S. suffered showed he was under a lot of stress, and she noted that the details L.S. provided were clear and consistent. Evidence also came in on which the jury could have concluded that Suza committed a similar offense against nine-year-old D.C.

Based on the evidence presented and viewing the evidence in the light most favorable to the jury's verdict, as we must, we conclude that a rational jury could have found beyond a reasonable doubt that Suza committed the offense with which he was charged. *See, e.g., Gonzales*, 522 S.W.3d at 57; *Eubanks*, 326 S.W.3d at 241.

We overrule Suza's first issue.

**B.      Admissibility of Evidence of Extraneous Offense**

In his second issue, Suza argues that the trial court abused its discretion in admitting D.C.'s testimony regarding Suza's extraneous offense because, Suza argues, the evidence was insufficient to establish beyond a reasonable doubt that the offense had occurred. We find no abuse of discretion.

**1.      Standard of Review and Applicable Law**

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).

A trial court's ruling will not be reversed unless it falls outside the zone of reasonable disagreement. *Id*.

An extraneous offense is "any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers." *Rankin v. State*, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996) (emphasis omitted). In general, extraneous offense evidence may not be admitted "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See* TEX. R. EVID. 404(b)(1); *Batiste v. State*, 217 S.W.3d 74, 84 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The Legislature has specifically carved out an exception to this general rule, however, for certain crimes against children. Article 38.37 of the Texas Code of Criminal Procedure provides:

> [n]otwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by subsection (a)(1) or (2) *for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant*.

TEX. CODE CRIM. PROC. art. 38.37, § 2(b) (emphasis added). We interpret statutes according to their plain language, and this provision expressly permits the introduction of evidence—including the type of evidence at issue here—for any bearing the evidence has on relevant matters, including to show that the defendant acted in conformity with his character.

12

The statute also provides that, "[b]efore [such] evidence . . . may be introduced, the trial judge must (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt, and (2) conduct a hearing out of the presence of the jury for that purpose." TEX. CODE CRIM. PROC. art. 38.37, § 2-a.

### 2. Analysis

Suza does not dispute that the trial judge held a hearing outside of the jury's presence and determined that the evidence was adequate to support a finding by the jury, beyond a reasonable doubt, that Suza committed the separate offense against D.C. *See* TEX. CODE CRIM. PROC. art. 38.37, § 2-a. Suza instead argues that the evidence was insufficient to support the trial judge's determination. In particular, Suza contends that because D.C. at one point recanted his accusation against Suza, the jury could not find beyond a reasonable doubt that Suza committed the extraneous offense.[3] We disagree.

---

[3] To the extent that Suza argues that evidence of the extraneous offense against D.C. should not have been admitted because it was overly prejudicial, he does not provide any reasoning or authority in support of this argument. The court may exclude otherwise relevant and admissible evidence under Texas Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403; *Alvarez v. State*, 491 S.W.3d 362, 370 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). A trial court is afforded discretion in determining whether evidence is admissible under Rule 403, *Alvarez*, 491 S.W.3d at 370; *Burke v. State*, 371 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd), and we presume that the probative value of this evidence outweighs any prejudicial effect. *Burke*, 371 S.W.3d at 257. On this record and in light of

The testimony of a child victim—here, D.C.—is alone sufficient to support a finding, beyond a reasonable doubt, that a person committed sexual abuse. TEX. CODE CRIM. PROC. art. 38.07(a); *see also Gonzales*, 522 S.W.3d at 57; *Johnson*, 419 S.W.3d at 671–72. As detailed above, before the judge (and then jury), D.C. testified that, when he was nine years old and living with Suza, Suza touched his genitals in a rubbing motion underneath his clothes. D.C. affirmed that he had sworn under oath to tell the truth, and he reiterated that Suza touched him inappropriately.

In addition to D.C.'s testimony about the extraneous offense, Scott Eldridge, a former criminal investigator with the Chambers County Sheriff's Office, testified about his investigation. The judge (and then jury) were shown Suza's statements, in which Suza denied touching D.C. "sexually," but asserted that D.C. exposed his genitals to Suza and that D.C. touched Suza's genitals.

Despite this evidence, Suza argues that a fact finder could not have concluded, beyond a reasonable doubt, that he committed the offense because D.C. at one point in the past offered a conflicting story of what happened (recanting his accusation). But the judge and jury were presented with all facts, including D.C.'s current testimony about the offense and the fact that he had previously recanted. They were

---

article 38.37, we cannot conclude that Suza has overcome this presumption. *See Alvarez*, 491 S.W.3d at 370 (noting Rule 403 does not allow "a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial" and rule "should be used sparingly," only when prejudicial effects substantially outweigh probative nature of evidence).

free to judge credibility and determine whether—taken in sum—adequate evidence supported a finding, beyond a reasonable doubt, that Suza committed the separate offense against D.C. *See, e.g.*, *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (child complainant's recantation of earlier testimony that appellant had sexually abused her did not destroy probative value of her earlier testimony; trier of fact could choose to believe all, some, or none of the testimony presented by parties).[4]

We overrule Suza's second issue.

## C. Designation of Outcry Witness

In his third issue, Suza contends that the trial court improperly designated L.S's mother Christian as the outcry witness because she was not the first person to

---

[4]  *See also Flores v. State*, No. 05–16–00576–CR, 2017 WL 3033414, at *10 (Tex. App.—Dallas Jul. 18, 2017, no pet.) (mem. op., not designated for publication) (rejecting sufficiency challenge to conviction for aggravated sexual assault of a child because "[t]o the extent [the victim's] testimony was inconsistent and/or vague regarding the details surrounding the offense, this concerned her credibility as a witness, which was a matter for the jury in its role as the sole judge of the weight and credibility of the evidence"); *Gregg v. State*, No. 05–16–00557–CR, 2017 WL 2334239, at *3 (Tex. App.—Dallas May 26, 2017, pet. ref'd) (mem. op., not designated for publication) (Jury's decision to believe child sexual assault victim who recanted and then reasserted accusations during trial was not unreasonable); *Moody v. State*, 545 S.W.3d 309, 314 (Tex. App.—Eastland 2017, pet. ref'd) ("[I]nconsistencies" in testimony of child sexual assault victim "do not automatically lower evidence below the required standard"); *Eubanks*, 326 S.W.3d at 241 ("[W]hen a witness recants prior testimony, it is up to the fact finder to determine whether to believe the original statement or the recantation").

whom L.S. reported the sexual assault. Because Suza did not object below, he did not preserve this issue for our review.

Texas Code of Criminal Procedure 38.072, the outcry statute, provides that a child abuse victim's statement to another is not inadmissible hearsay if the statement describes the alleged offense and the person to whom the statement is made is at least 18 years old and is the first person the child informed about the offense. TEX. CODE CRIM. PROC. art. 38.072; *see also Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (en banc); *Carty v. State*, 178 S.W.3d 297, 305 (Tex. App.— Houston [1st Dist.] 2005, pet. ref'd). In general, the proper outcry witness is the first adult to whom the alleged victim relates the "how, when, and where" the abuse took place. *See Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd). There can be only one outcry witness per event. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) (citing *Broderick v. State*, 35 S.W.3d 67, 73–74 (Tex. App.—Texarkana 2000, pet. ref'd)). But the Court of Criminal Appeals has held that if the child offers only a "general allusion" of sexual abuse to a first person, and he offers a more detailed account to a second person, the second person may be the proper outcry witness. *Garcia*, 792 S.W.2d at 91 ("The statute demands more than a general allusion of sexual abuse" so trial court did not abuse its discretion in designating child protective specialist as outcry witness where record was devoid of specific details of statement previously made to child's teacher).

16

"When the State offers an out-of-court statement pursuant to article 38.072 of the Texas Code of Criminal Procedure, a defendant must object to the statement to preserve error for appellate review." *Rosas v. State*, 76 S.W.3d 771, 776–77 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Holland v. State*, 802 S.W.2d 696, 699–700 (Tex. Crim. App. 1991)). Failure to object waives the complaint on appeal. *Id.* at 777.

Because Suza did not object to the designation of Christian as the outcry witness, he has not preserved this issue for appeal. *See* TEX. R. APP. P. 33.1; *Rojas*, 76 S.W.3d at 776–77; *see also Davis v. State*, No. 14-08-00985-CR, 2010 WL 2573813, at *2–3 (Tex. App.—Houston [14th Dist.] June 29, 2010, pet. ref'd) (mem. op., not designated for publication) (appellant's reliability objection to witness's outcry testimony did not preserve error regarding whether witness was first adult to whom outcry was made); *Martinez v. State*, 822 S.W.2d 276, 278 (Tex. App.—Corpus Christi 1991, no pet.) (where appellant failed to complain at trial that outcry witness was not first person over 18 to whom the child described the incident, issue was not preserved for appeal).

Accordingly, we overrule Suza's third issue.

## Conclusion

We affirm the judgment of the trial court.

Jennifer Caughey
Justice

Panel consists of Justices Bland, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).