**Ex parte Joellen FINN, Relator.**

No. 20857.

Court of Civil Appeals of Texas, Dallas.

April 6, 1981.

Jay S. Fichtner, Berman, Fichtner & Mitchell, Dallas, for appellant.

Bob Matlock, Dallas, for appellee.

Before AKIN, ROBERTSON and CAR-VER, JJ.

AKIN, Justice.

In this writ of habeas corpus, the trial judge held the relator in contempt on February 9, 1981, for allegedly violating his order to turn over certain gold and silver coins to her attorney and her husband's attorney during a divorce proceeding. The judge assessed her punishment at five days confinement in the county jail. Relator primarily asserts that the contempt order is void because the order allegedly violated, which was rendered on October 2, 1980, ordered her to turn over the coins on September 29, 1980. We agree and hold the contempt order void.

Although extraordinary, the facts are undisputed. At a hearing during a divorce proceeding on September 25, 1980, it appeared from testimony that the relator had in her possession in her home certain gold and silver coins of considerable value. The judge first orally appointed a receiver to take possession of these coins, but then decided against this action after attorneys for both parties protested. Instead, the judge and both attorneys informally agreed that the attorney for the relator and the attorney for her husband would be in charge of delivering the coins to a bank for safe-keeping. The judge directed the attorney so to do no later than the following Monday, September 29, 1980. The relevant portions of the statement of facts at that hearing have been filed with us by the judge's attorney. Contrary to the judge's contention that he ordered relator to deliver the coins to the attorneys, the record is devoid of such an oral order to Mrs. Finn. Nevertheless, the judge signed a written order on October 2, 1980, which, among many other temporary orders, stated: "It is further ordered that respondent shall deliver to her attorney, Jay S. Fichtner, and Walter Magee all gold and silver coins and bullion in her possession no later than Monday, September 29, 1980, and such attorneys shall jointly place the same for safekeeping in the Preston State Bank or such other bank as may be mutually agreed upon by such attorneys. Such property shall not be removed without court order on agreement of attorneys for both parties."

Neither relator nor her attorney was provided with a signed copy of this order. Between September 25 and October 7, 1980, relator deposited the coins with the Texas American Bank in connection with a loan she made with that bank using the coins as collateral.

Nothing further transpired until January 28, 1981, when a court bailiff delivered to relator an instrument signed by the judge and entitled, Order to Appear and Show Cause. The record shows that this ex parte order was unsupported by an affidavit or other sworn pleadings. This order directed relator to appear before the judge on February 9, 1981, and reads as follows:

To Joellen Finn

*Whereas you were ordered in open court on the 25th day of September, 1980, to turn over the gold and silver in your possession, namely five bags of U.S. silver coins, 50 Mexican pesos, 2,000 ounces of silver, another five thousand ounces of silver, 175 Australian one hundred coronas and 55 gold krugerrands.*

And whereas on the 2nd day of October, 1980, a written order was entered ordering you to turn over the aforementioned gold and silver to J. S. Fitchner and Walter Magee no later than Monday, September 29, 1980, a copy of which order is attached hereto;

*And whereas you have failed to obey the aforementioned order of the Court,* you are hereby ordered to appear before the Honorable Patrick C. Guillot, Judge of the 254th District Court, on the fourth floor of the Old Red Courthouse in Dallas County, Texas to show cause, if any, on the 9th day of February, 1981, at 9:30 in the morning, why you should not be held in contempt of court for failure to obey the aforementioned order.

It is further ordered that a scire facias commanding that said Joellen Finn be

summoned to appear at the time and place for the purpose stated above and that said summons be accompanied by a writ of scire facias all delivered to Joellen Finn by any sheriff or constable of any county of the State of Texas.

January 28, 1981

/s/ Patrick C. Guillot
Judge Patrick C. Guillot
254th District Court

[Emphasis added.]

Attached to this order was a copy of the order of October 2, 1980.

In obedience of the judge's order, relator appeared with her attorney February 9, 1981, but no appearance was made by her husband nor his attorney. At that hearing, the judge produced as a witness an officer of the Texas American Bank. The witness was interrogated by the judge with respect to the loan transaction on October 7, 1980, between relator and the bank. The witness testified that he made the loan to relator and that it was secured by the coins. He further testified that the loan was paid off when the judge ordered part of the coins sold to pay relator's note and that the remaining coins were still in the bank's vault. The witness on cross-examination testified that he was not subpoenaed as a witness but rather appeared upon the request of the bank's attorney. The judge then introduced into evidence his order of October 2, 1980, and invited relator to testify, but she declined. Thereafter, the judge found her in contempt of his order of October 2, 1980, by pledging the coins and sentenced her to five days in jail. Relator was arrested and confined. We granted bail pending hearing.

The relator attacks the validity of the commitment order on the following grounds: (1) that the October 2, 1980, order was impossible of performance and thus void because it ordered relator to perform an act in the past, to wit on September 29, 1980; (2) that relator had no actual notice of the judge's October 2, 1980, order until long after the acts occurred about which the judge complains, and that this order was not served upon her; (3) that a fatal variance exists between the show cause order of January 28, 1981, which refers to a violation of the October 2, 1980, order and the commitment order, which found her in contempt for pledging the coins on October 7, 1980.

On the other hand, the judge's attorney, by brief filed with this court, asserts that the judge orally ordered relator on September 25, 1980, to turn over to the attorneys the gold and silver coins on September 29, 1980, and that the October 2, 1980, order merely reflected that oral order. Thus, the judge argues that no service of notice of the October 2, 1980, order was necessary because relator had actual notice in open court of the oral order. In support of this contention of the judge, he has filed a partial statement of facts of the September 25, 1980, hearing with this court.

We turn first to relator's contention that the order holding her in contempt was void because it found her in contempt of an order impossible of performance in that it ordered her to perform an act in the past. The order upon which she was held in contempt was apparently the order of October 2, 1980, which ordered her to turn over the coins to her attorney and her husband's attorney on September 29, 1980. The validity of the October 2, 1980, order depends upon whether it merely reduced to writing an oral order given to relator on September 25, 1980. The judge argues that this was the situation and tendered a partial statement of facts to support his contention. Since this partial statement of facts was filed by the judge to support his order, we can reasonably assume that these excerpts from the statement of facts are those most favorable to the judge's contention. When this partial statement of facts is read, however, it clearly shows that the trial judge did not orally order relator to perform any act. Instead, the judge suggested that the attorneys for both parties should get together and place the coins in a bank vault for safekeeping. In order to hold a person in contempt of court the order must be directed to her in clear and direct language. *Ex parte Padron*, 565 S.W.2d 921, 924 (Tex.

**296**

1978); *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967). Thus, the judge's contention is without merit. Consequently, the order of October 2, 1980, is void insofar as enforcement by contempt because it orders relator to perform an act in the past, which, of course, is impossible. *See Ex parte Loftin*, 522 S.W.2d 591, 593 (Tex.Civ.App.—Tyler 1975, no writ).

 Although we have held the order void for the foregoing reasons, we deem it necessary to address other irregularities with respect to this extraordinary contempt proceeding. In the first place, even if the order of October 2, 1980, had been the proper basis of a contempt proceeding, notice of the order was not served upon relator nor was she given any other notice of it until after the coins had been pledged. It is elementary that the contemner should have notice of the order violated before she may be held in contempt. *Ex parte Conway*, 419 S.W.2d 827, 828 (Tex.1967). Of course, no question of notice of the October 2, 1980, order would exist if the judge had orally ordered relator at the September 25, 1980, hearing to perform the act.

In the second place, the show cause order of January 28, 1981, initiated by the trial judge recited that relator had violated his oral order of September 25, 1980, as well as his written order of October 2, 1980, with respect to the coins, but the order of February 9, 1981, holding relator in contempt recited that she was held in contempt for pledging the coins for a loan on October 7, 1980. Indeed, the only evidence presented by the judge at the contempt hearing pertained to this loan. Thus, the show cause order failed to place relator on notice of the grounds upon which she may be deprived of her liberty. *Ex parte Hardin*, 161 Tex. 567, 344 S.W.2d 152, 153 (1961).

Finally, we note that the trial judge should not become involved as an adversary in the proceeding. Neither Mr. Finn nor his attorney brought these contempt proceedings; instead, the trial judge did so on his own initiative. Additionally, the show cause order of January 28, 1981, shows on its face that the judge had already determined, without motion or hearing, that relator was in contempt. We strongly disapprove of these actions.

The relator is discharged.