NUMBER 13-99-601-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


RICHARD CHENEY , Appellant,


v.



FORMOSA PLASTICS CORPORATION, TEXAS AND 

FORMOSA PLASTICS DEVELOPMENT CORPORATION , Appellees.

___________________________________________________________________


On appeal from the 267th District Court 

of Jackson County, Texas.

___________________________________________________________________


OPINION ON MOTION FOR REHEARING

Before Justices Dorsey, Rodriguez, and Seerden (1)


Opinion on Motion for Rehearing by Justice Rodriguez



Formosa Plastics Corporation, Texas (FPC) has filed a motion for rehearing. We deny the motion for rehearing, but
substitute this opinion for our original opinion.

Cheney filed suit against FPC and Formosa Plastics Development Corporation (FPDC) for negligence, nuisance, and fraud
after allegedly suffering repeated flood damage caused by a drainage ditch on FPDC's property. The defendants answered,
and filed a third party petition against John D. Mercer & Associates, Inc., (Mercer), alleging causes of action for negligent
design of the drainage system, as well as contribution and/or indemnity. Thereafter, in a single document, FPC filed a
motion for summary judgment and FPDC filed a motion for partial summary judgment. 

The trial court granted FPDC's motion for partial summary judgment, disposing of all causes of action arising out of a
October 1994 flood, while explicitly stating that Cheney's "cause of action allegedly arising from a flood in the early part of
1997 shall remain pending against [FPDC]. . . ." The trial court apparently severed all causes of action asserted by Cheney
against FPDC into a new cause number, 97-5-10,767-B. (2) The court also granted FPC's motion for summary judgment,
dismissing all causes of action asserted by Cheney against FPC. The summary judgment order granted in favor of FPC
further provided:

IT IS FURTHER ORDERED that all causes of action asserted by the Plaintiff against [FPC] be severed into a new cause of
action bearing Cause No. 97-5-10,767A. IT IS FURTHER ORDERED that the severed cause of action will also contain
the Third-Party Action filed by FORMOSA PLASTICS CORPORATION, TEXAS against JOHN D. MERCER &
ASSOCIATES, INC. 

Cheney filed an amended notice of appeal, bearing the cause number 97-5-10767A and styled Cheney v. FPC and FPDC.
According to the amended notice of appeal, the date of the judgment appealed from is August 30, 1999. Both summary
judgments were signed on this date. 

We must first determine what summary judgment or judgments Cheney is appealing. "The filing of a notice of appeal by
any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."
Tex. R. App. P. 25.2(b). Here, the cause number listed on the notice of appeal indicates Cheney is appealing from the
cause containing the claims brought by Cheney against FPC together with the third-party action. On the other hand, from
the style of the case, it would appear that Cheney is also appealing from the summary judgment granted in favor of FPDC.
The date of the judgment from which Cheney appeals as listed on the notice of appeal does not differentiate between the
two summary judgments, which were signed on the same date. In his brief, Cheney limits his issues to the summary
judgment granted in favor of FPC. Accordingly, we will construe Cheney's appeal as limited to the summary judgment
granted in favor of FPC. 

Generally, appeals are allowed only from final orders or judgments. FirstCollect, Inc. v. Armstrong, 976 S.W.2d 294, 298
(Tex. App.--Corpus Christi 1998, pet. dism'd w.o.j.); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). Unless
a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. 
Armstrong, 976 S.W.2d at 298; Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985) (orig. proceeding); see also
Tex. Civ. Prac. & Rem. Code § 51.014 (Vernon Supp. 2001). "A judgment is final for purposes of appeal if it disposes of
all pending parties and claims in the record, except as necessary to carry out the decree." Lehmann v. Har-Con Corp., 39
S.W.3d 191, 194 (Tex. 2001) (citations omitted). 

In this case, the summary judgment granted in favor of FPC purports to dispose of all causes of action brought by Cheney
against FPC. However, the summary judgment order severs Cheney's causes of action against FPC into a new cause
number, along with the third-party action filed by FPC against Mercer. There is nothing in the record indicating disposition
of the third-party action. 

We recognize that the summary judgment order disposing of Cheney's claims against FPC implicitly disposed of FPC's
claims for indemnity and contribution against Mercer. It did not, however, implicitly or explicitly dispose of FPC's claim
against Mercer for negligent design of the drainage system. Even if FPC had merely raised claims of contribution and
indemnity, the supreme court, in Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192, 205 (Tex. 2001), held that "when there
has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually
disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims
and all parties." (Emphasis added). Furthermore, "[a]n order that adjudicates only the plaintiff's claims against the
defendant does not adjudicate a counterclaim, cross-claim, or third party claim. . ." Id. at 205; seeAtchison v. Weingarten
Realty Management Co., 916 S.W.2d 74, 76 (Tex. App.-Houston [1st Dist.] 1996, no writ) (summary judgment that
implicitly disposed of all issues and parties was not final for purposes of appellate timetable); but see Welch v. McDougal,
876 S.W.2d 218, 221 (Tex. App.-Amarillo 1994, writ denied) (where third-party action was entirely dependent on
plaintiff's recovery against defendant, summary judgment in favor of defendant disposed of third-party action). 

Here, according to the record, Cheney's causes of action against FPC, which were disposed of in the summary judgment
order, have been consolidated with a pending third-party claim. As such, the summary judgment order did not dispose of
all claims and parties. Accordingly, it is not a final judgment from which Cheney may now appeal. Because the summary
judgment is interlocutory and not otherwise appealable, (3) we dismiss the appeal for want of jurisdiction. 

NELDA V. RODRIGUEZ

Justice



Retired Chief Justice Robert J. Seerden not participating.



Do not publish .

Tex. R. App. P. 47.3.



Opinion on Motion for Rehearing delivered 

and filed this 31st day of August, 2001.

1. Retired Chief Justice Robert J. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellees attached a copy of the severance order to their motion for rehearing; however, the order does not appear in the
record. "Items not properly in the record cannot be considered on appeal." Ex parte Walker, 26 S.W.3d 711, 716 (Tex.
App.--Waco 2000, ) (citations omitted). Nonetheless, the parties ostensibly agree that the suit involving FPDC was severed
from the suit involving FPC. 

3. See Tex. Civ. Prac. & Rem. Code § 51.014 (Vernon Supp. 2001).