NO. 07-02-0482-CR


 07-02-0483-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 21, 2003



______________________________



EX PARTE LAYNE THESIL COSBY



_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Layne Thesil Cosby appeals from the trial court's refusal to reduce his bond in two
cases. We sustain his issue in No. 07-02-0482-CR and overrule the issue in No. 07-02-0483-CR.

 Appellant is incarcerated in Randall County pursuant to indictments for possession
of a controlled substance, methamphetamine, over four grams but less than 200 grams
(No. 07-02-0482-CR); and possession of child pornography (No. 07-02-0483-CR). The
child pornography indictment includes 17 counts. Bond has been set at $50,000 on the
controlled substance indictment and $100,000 on the child pornography indictment. 

 Via habeas corpus motions and a combined hearing, appellant sought reduction of
bonds in the two proceedings. Appellant's testimony was the only evidence presented as
to his ability to make bond and attempts to do so. Among other matters, he testified that
he has lived in Canyon for over 50 years, he lives in the house owned by his parents
before they passed away, he owns a one-third undivided interest in the house, and he is
retired. Appellant has traveled outside the country in the past; the last time was to
Thailand in 1997 or 1998. 

 Appellant's testimony as to his income, net worth, financial status and what kind of
bond he could make was sparse. In their briefs appellant and the State address the
evidence more fully than we have recited it. 

 Appellant cites numerous authorities for principles underlying his right to bail which
is not excessive, see Tex. Const. art. I, §§ 11 and 13; Estrada v. State, 594 S.W.2d 445
(Tex.Crim.App. 1980), and guidelines for setting the amount of bail. See Tex. Crim. Proc.
Code Ann. art. 17.15 (Vernon Supp. 2003); Ex parte Pemberton, 577 S.W.2d 266
(Tex.Crim.App. 1979); Ex parte Parker, 26 S.W.3d 711 (Tex.App.--Waco 2000, no pet.). 
He agrees with the State that bail amounts are set by the trial court in exercising its
discretion.

 The State asserts that the evidence was insufficient to show that appellant was
unable to make the bonds set, or that he had tried to make the bonds. The State further
notes that the standard by which we review the amount of the bonds is abuse of discretion,
see Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex.Crim.App. 1981); Ex parte Milburn, 8
S.W.3d 422, 424 (Tex.App.--Amarillo 1999, no pet.), and argues that the trial court's
decision was not outside the zone of reasonable disagreement.

 We agree in part with appellant and in part with the State. Appellant requested the
court to release him on "personal recognizance. A bond of five or $5,000, $7,500
possibly... On each count.", and testified that he believed he could maybe gain access to
funds to bond such amount. 

 While the amount of bond that a defendant testifies can be made is not
determinative of the amount of bond which should be set, see id. at 427, the evidence in
this record, all of which we have not recited, and the authorities, lead us to conclude that
bond of $50,000 for the controlled substance indictment is outside the zone of reasonable
disagreement. We sustain appellant's challenge to the trial court's failure to reduce bond
on the possession of controlled substance. Bond for such charged offense is set at
$20,000. 

 On the other hand, bond of $100,000 for 17 counts of possession of child
pornography is less than $6,000 per count. Such amount is not outside the zone of
reasonable disagreement based on this record. As to such bond, appellant's challenge to
the trial court's ruling is overruled. 

 Bond in No. 07-02-0482-CR is set at $20,000. Bond in No. 07-02-0483-CR, shall
remain at $100,000. 

 Per Curiam 



nduct time).” The trial court responded as follows: 
“[r]efer to Section 3 of the charge for all the information needed for Question 4.” That
portion of the charge contained information regarding good conduct time and parole. It
further included the following instruction: “You may consider the existence of the parole
law and good conduct time. However, you are not to consider the extent to which good
conduct time may be awarded to or forfeited by this particular defendant. You are not to
consider the manner in which the parole law may be applied to this particular defendant.” 
Moreover, there was no objection to the trial court’s response. However, appellant’s trial
counsel did move for a mistrial based on the jury’s improper consideration of “good conduct
time in their deliberation of punishment.” The trial court overruled the motion. 
          The jury assessed punishment at fifteen years in prison along with a fine and
restitution. After the trial court sentenced appellant, counsel re-urged his motion for
mistrial and indicated that he would file a motion for new trial. The trial court denied the
mistrial and advised counsel that it would consider a written motion for new trial. On
August 6, 2007, appellant filed a motion for new trial wherein he claimed he was “deprived
of a fair and impartial trial as a result of the misconduct or improper deliberation of the
jury.” It too was overruled. 
Issues One and Two: Jury Misconduct
          Appellant contends in both of his issues that the jury “improperly considered the
[a]ffect of good conduct time and . . . parole law . . .” in assessing punishment. We
overrule the issues. 
Standard of Review
          In reviewing a trial court’s denial of a motion for mistrial or for new trial, we
determine whether it abused its discretion. See Yates v. State, 171 S.W.3d 215, 220-21
(Tex. App.–Houston [1st Dist.] 2005, pet. ref'd) (there holding that the motion for mistrial
was the functional equivalent of a motion for new trial, the review of which was governed
by the standard of abused discretion); see also State v. Gonzalez, 820 S.W.2d 9, 12 (Tex.
App.–Dallas 1991), aff'd, 855 S.W.2d 692, 696 (Tex. Crim. App.1993) (en banc) (holding
that both the granting and the denying of a motion for new trial rests within the discretion
of the trial court, and appellate courts ordinarily will not reverse those decisions unless the
trial court has abused its discretion). Finally, an abuse of discretion occurs when the trial
court's decision was arbitrary or unreasonable. See State v. Read, 965 S.W.2d 74, 77
(Tex. App.–Austin 1998, no pet.). 
Analysis
          Appellant contends that the jury failed to follow the trial court’s instruction to avoid
considering good conduct time or parole. This was evidenced, according to appellant, by
the mere fact that the jury sent the note described above. 
          An appellate court may presume the jury will follow an instruction as given. Luquis
v. State, 72 S.W.3d 355, 366-67 (Tex. Crim. App. 2002); see also Williams v. State, 937
S.W.2d 479, 490 (Tex. Crim. App. 1996) (stating that "we assume that the jury would follow
the instruction as given, and we will not reverse in the absence of evidence that the jury
was actually confused by the charge"). Next, while the jury asked about good time and
parole in its note, that alone is not enough to rebut the presumption that it followed the trial
court’s directive and the instruction in the charge. See Colburn v. State, 966 S.W.2d 511,
520 (Tex. Crim. App.1998) (holding that “[e]ven if the note constitutes evidence the jury
discussed parole at a preliminary point, we presume they followed the court’s instructions
and thereafter did not consider it in reaching their verdict”); Graham v. State, 96 S.W.3d
658, 661 (Tex. App.–Texarkana 2003, pet. ref'd) (holding a question in a jury note alone
is insufficient to rebut the presumption that jurors followed the instruction to not consider
parole in its deliberations). Moreover, appellant does not cite us to any evidence other
than the note to support his argument that the jury ultimately failed to heed the trial court’s
instruction. 
          Accordingly, we overrule the issues and affirm the judgment.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.