NO. 07-02-0482-CR
07-02-0483-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 21, 2003

_____

EX PARTE LAYNE THESIL COSBY

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Layne Thesil Cosby appeals from the trial court's refusal to reduce his bond in two cases. We sustain his issue in No. 07-02-0482-CR and overrule the issue in No. 07-02-0483-CR.

Appellant is incarcerated in Randall County pursuant to indictments for possession of a controlled substance, methamphetamine, over four grams but less than 200 grams (No. 07-02-0482-CR); and possession of child pornography (No. 07-02-0483-CR). The child pornography indictment includes 17 counts. Bond has been set at $50,000 on the controlled substance indictment and $100,000 on the child pornography indictment.

Via habeas corpus motions and a combined hearing, appellant sought reduction of bonds in the two proceedings. Appellant's testimony was the only evidence presented as to his ability to make bond and attempts to do so. Among other matters, he testified that he has lived in Canyon for over 50 years, he lives in the house owned by his parents before they passed away, he owns a one-third undivided interest in the house, and he is retired. Appellant has traveled outside the country in the past; the last time was to Thailand in 1997 or 1998.

Appellant's testimony as to his income, net worth, financial status and what kind of bond he could make was sparse. In their briefs appellant and the State address the evidence more fully than we have recited it.

Appellant cites numerous authorities for principles underlying his right to bail which is not excessive, see TEX. CONST. art. I, §§ 11 and 13; Estrada v. State, 594 S.W.2d 445 (Tex.Crim.App. 1980), and guidelines for setting the amount of bail. See TEX. CRIM. PROC. CODE ANN. art. 17.15 (Vernon Supp. 2003); Ex parte Pemberton, 577 S.W.2d 266 (Tex.Crim.App. 1979); Ex parte Parker, 26 S.W.3d 711 (Tex.App.--Waco 2000, no pet.). He agrees with the State that bail amounts are set by the trial court in exercising its discretion.

The State asserts that the evidence was insufficient to show that appellant was unable to make the bonds set, or that he had tried to make the bonds. The State further notes that the standard by which we review the amount of the bonds is abuse of discretion, see Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex.Crim.App. 1981); Ex parte Milburn, 8

2

S.W.3d 422, 424 (Tex.App.--Amarillo 1999, no pet.), and argues that the trial court's decision was not outside the zone of reasonable disagreement.

We agree in part with appellant and in part with the State. Appellant requested the court to release him on "personal recognizance. A bond of five or $5,000, $7,500 possibly... On each count.", and testified that he believed he could maybe gain access to funds to bond such amount.

While the amount of bond that a defendant testifies can be made is not determinative of the amount of bond which should be set, see id. at 427, the evidence in this record, all of which we have not recited, and the authorities, lead us to conclude that bond of $50,000 for the controlled substance indictment is outside the zone of reasonable disagreement. We sustain appellant's challenge to the trial court's failure to reduce bond on the possession of controlled substance. Bond for such charged offense is set at $20,000.

On the other hand, bond of $100,000 for 17 counts of possession of child pornography is less than $6,000 per count. Such amount is not outside the zone of reasonable disagreement based on this record. As to such bond, appellant's challenge to the trial court's ruling is overruled.

Bond in No. 07-02-0482-CR is set at $20,000. Bond in No. 07-02-0483-CR, shall remain at $100,000.

Per Curiam

3