Rodolfo Reyes GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00353–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 6, 1989.

C. David Evans, San Antonio, for appellant.

Fred G. Rodriguez, Margaret Embry, Jay Brandon, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA, and CARR, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from denial of relief in a habeas corpus proceeding. TEX.R. APP.P. 44. Appellant is charged with the offense of attempted capital murder. The magistrate had earlier set bond in the amount of $15,000.00. Appellant alleged in his application for habeas corpus that there was no probable cause to hold him for the offense of attempted capital murder; that there was no evidence or insufficient evidence of probable cause that an offense had been committed; that he was unable to make a bond in that amount and that the bond should be reduced to an amount he could make.

The State's evidence of probable cause that the offense occurred consisted only of an oral summation of the prosecutor of unsworn police reports showing what allegedly occurred at the scene of the offense for which appellant was arrested. The officers did not testify. The trial court overruled appellant's objection that the prosecutor's statements were hearsay and not competent evidence. Appellant did not offer any evidence. The trial court denied relief and continued bail in the same amount.

■ TEX.R.CRIM.EVID. 802 provides in pertinent part: Hearsay is not admissible except as provided by statute or these rules ... TEX.R.CRIM.EVID. 1101(c) provides: Rules Inapplicable: The rules (other than with respect to privileges) do not apply in the following situations:

(3) *Miscellaneous Proceedings:*

\* \* \* \* \* \*

(C) Proceedings regarding bail except hearings to deny, revoke or increase bail.

\* \* \* \* \* \*

Although this court does not recommend that the procedure utilized in the present case be followed routinely in habeas corpus bail proceedings for reduction of bail, we find that the hearsay rule did not apply in this situation as to reduction of bail. Rule 1101(c)(3)(C). No evidence was offered concerning inability to make the bond as already set. The trial court could have continued the same bail and denied relief if that were the only basis for relief alleged by appellant. The third point of error is overruled.

Article 11.01 of the Texas Code of Criminal Procedure mandates that when a person is restrained in his liberty the writ of habeas corpus will issue for the purpose of showing why the person is held in custody or is under restraint. According to appellant's application (pleadings), the hearing had a dual purpose. The main one was to show probable cause that the offense for which he was incarcerated had occurred, and the other one requested a reduction in bail in the event that probable cause was shown. We sustain points of error one and two: no evidence was presented at the writ hearing to show the offense had been committed by appellant and no evidence was presented to show probable cause that an offense had been committed.

■ There is no dispute in this case that the only evidence presented by the State was the oral summary of police reports. While it is true that hearsay is admissible on the issue of probable cause to arrest or search, that is not the issue here. *See e.g. Murphy v. State,* 640 S.W.2d 297, 299 (Tex. Crim.App.1982). It is stated in Wellborn, *Article I of the Texas Rules of Evidence and Articles I and XI of the Texas Rules of Criminal Evidence: Applicability of the Rules, Procedural Matters, and Preserving Error,* 18 ST. MARY'S L.J. 1165, 1196–1197 (1987) that

The overall effect of Rule 1101 is consistent with prior Texas law as to when formal rules of evidence apply in various aspects of the criminal process. It does not extend formal rules to any area where they were traditionally not followed, nor does it remove them from any area where they previously operated.

 Hearsay is admissible also in a hearing under TEX.R.CRIM.EVID. 1101(c)(3)(D), that is, when a probable cause hearing is required for any extended restraint of liberty following a warrantless arrest. *See Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The appropriate standard in that instance is the same as that for arrest. The sole issue there is whether there is probable cause for detaining the arrested person pending further proceedings. *Id.* 420 U.S. at 120, 95 S.Ct. at 866. Thus Rule 1101(c)(3)(D), relied upon by the State, which provides that the hearsay rule does not apply at a hearing on justification for pretrial detention not involving bail is not relevant to the instant hearing. The adversary hearing to determine probable cause that the offense occurred is not the same as a "detention hearing."

 When one is held in custody under complaint and seeks release by habeas corpus, it is incumbent upon the State to introduce against him sufficient evidence to show probable cause for holding him in custody. *Ex parte Williams,* 587 S.W.2d 391 (Tex.Crim.App.1979). When the hearsay evidence in this case, to which appellant objected, is eliminated, there is no evidence remaining. The State did not introduce the complaint into evidence; even if it had, that alone would be insufficient evidence. *See Ex Parte Williams, supra,* at 392.

The judgment remanding appellant to custody is reversed and appellant is ordered released under this particular proceeding unless otherwise legally detained.[1]

---

1. The record does not reflect that the appellant has been indicted.