Affirmed and Memorandum
Opinion filed July 8, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00346-CR

____________

 

EX PARTE DARIUS COOPER

 



 

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1254432

 



 

M E M O R
A N D U M   O P I N I O N

Darius Cooper has been charged with three first-degree felony
offenses: aggravated kidnapping in cause number 1234210; and aggravated robbery
in cause numbers 1234211 and 1234212.  The trial court set bond at $30,000 in
each case.  Cooper filed a pre-trial application for writ of habeas corpus
seeking a reduction of the bonds to $5,000 in each case.  See Tex. Code
Crim. Proc. art. 11.24 (Vernon 2005).  After a writ hearing, the trial court
denied relief.  This appeal followed.  See Tex. R. App. P. 31.  

Background

            In cause numbers 1234210 and 1234212, Cooper is charged with
aggravated kidnapping and aggravated robbery during which it is alleged that he
and two other men approached the complainant and another man in a parking lot,
ordered the men to the ground at gunpoint, and took their wallets.[1]  It is alleged that Cooper and his
accomplices forced the men into a car, drove them to a nearby automatic teller
machine, and forced them to withdraw money.  The group then returned with the
complainant to his apartment, forced their way inside, woke the complainant’s
roommate, and forced the victims to lie on the floor as they ransacked the apartment. 
One of the defendants “play[ed] Russian roulette” as he pointed a pistol at the
victims’ heads.  

            In cause number 1234211, the State charged Cooper with
aggravated robbery for a “home-invasion-style” robbery.  It is alleged that Cooper
and two accomplices approached the complainant as he was leaving for work, put
a gun to the complainant’s head, and forced him to take them into his apartment
where they stole several items, including guitars.  During the home invasion,
one of the defendants sexually assaulted the complainant’s wife.  It was
unclear whether Cooper or one of the other defendants committed the sexual
assault.  The stolen items were recovered from a pawn shop and traced to the
three defendants.  Cooper and one of the accomplices confessed to the crimes.

            At the writ hearing, Cooper and his older brother testified. 
At that time, Cooper had been incarcerated for over six months.  Cooper’s
brother testified that family members had attempted to raise the money for his
bonds, but they could only raise about $1,700.  Cooper testified about his
employment and lack of assets.  At the conclusion of the hearing, the trial
court denied Cooper’s request to reduce his bonds, finding that his requested
bonds of $5,000 in each case were “wholly insufficient to secure his attendance
at trial.”  

Standard
of Review

In his sole issue in this appeal, Cooper contends that the
trial court erred in denying his request to lower his bonds.  He alleges that
he is illegally confined because of the unreasonable bonds in the underlying
cases.

We review a trial court’s ruling on the setting of bond under
an abuse of discretion standard of review.  See Ex parte Rubac, 611
S.W.2d 848, 850 (Tex. Crim. App. 1981); Milner v. State, 263 S.W.3d 146,
147 (Tex. App.—Houston [1st Dist.] 2006, no pet.)  A defendant who seeks a
reduction in the amount of bond has the burden of proof to demonstrate that the
bond is excessive.  Maldonado v. State, 999 S.W.2d 91, 93 (Tex. App.—Houston
[14th Dist.] 1999, pet. ref’d).

The primary purpose of an appearance bond is to secure the
accused’s presence at trial on the charged offense.  Id.  Bail should be
set high enough to give reasonable assurance that the defendant will appear at
trial, but it should not operate as an instrument of oppression.  Id.  Bail
set at an amount higher than reasonably calculated to fulfill this primary
purpose is excessive under the Eighth Amendment.  In re Durst, 148
S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  

While the decision regarding a proper bail amount lies within
the sound discretion of the trial court, the court is required to consider the criteria
set forth in article 17.15 of the Texas Code of Criminal Procedure,
which provides as follows:

The amount of bail to be required in any case is to be
regulated by the court, judge, magistrate or officer taking the bail; they are
to be governed in the exercise of this discretion by the Constitution and by
the following rules:

1. The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be used so as
to make it an instrument of oppression.

3. The nature of the offense and the circumstances
under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and
proof may be taken upon this point.

5. The future
safety of a victim of the alleged offense and the community shall be
considered.

Tex.Code Crim. Proc. Ann. art. 17.15 (Vernon 2005); see Ludwig v.
State, 812 S.W.2d 323, 324 (Tex. Crim. App. 1991) (noting that the court is
to be guided by the article 17.15 factors).  We measure the trial court’s ruling
against these criteria.  Ex parte Beard, 92 S.W.3d 566, 573 (Tex. App.—Austin
2002, pet. ref’d).

            In addition to these criteria, the trial court may consider
the following factors in determining bail: (1) the accused’s work record; (2)
the accused’s family and community ties; (3) the accused’s length of residency;
(4) the accused’s prior criminal record; (5) the accused’s conformity with
previous bond conditions, if any; (6) the existence of any other outstanding
bonds; and (7) aggravating circumstances alleged to have been involved in the
charged offense.  Maldonado, 999 S.W.2d at 93.

The Nature
and Circumstances of the Offenses

The nature of the offense and circumstances surrounding the
crime are primary factors in determining what constitutes reasonable bail.  See
Ex parte Davila, 623 S.W.2d 408, 410 (Tex. Crim. App. 1981); Ex parte Hunt, 138 S.W.3d 503, 506 (Tex. App.—Fort
Worth 2004, pet. ref'd).  In considering the nature of the offense, it is also
proper to consider the possible punishment.  Maldonado, 999 S.W.2d at
95; Wright v. State, 976 S.W.2d 815, 820 (Tex. App.—Houston [1st Dist.]
1998, no pet.).  When the nature of the offense is serious and involves
aggravating factors that may result in a lengthy prison sentence, bail must be
set sufficiently high to secure the defendant’s presence at trial.  In re
Hulin, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

The record reflects that Cooper has been charged with three first
degree felonies.  Therefore, he could be sentenced to up to 99 years in the
Texas Department of Criminal Justice and assessed a $10,000.00 fine in each of
these cases if he is convicted.  See Tex. Penal Code Ann. § 12.32
(Vernon 2003).  

The probable cause summary alleges that Cooper committed
aggravated robbery and aggravated kidnapping.  Specifically, the victims were
robbed at gunpoint and forced to withdraw money from an ATM.  Cooper and his
accomplices then accompanied a victim to his home where the occupants were
threatened with a gun.  At another home-invasion robbery, Cooper or one of his
accomplices sexually assaulted the robbery victim’s wife.  These offenses are both
serious and violent in nature.  The nature of these aggravated offenses
warrants a bond sufficiently high to secure Cooper’s presence at trial.

Ability to
Make Bond

The accused’s ability to make bond is merely one factor to be
considered in determining the appropriate amount of bail.  See Tex. Code
Crim. Proc. Ann. art. 17.15(4); Ex parte Brown, 959 S.W.2d 369, 372
(Tex. App.—Fort Worth 1998, no pet.).  A defendant’s inability to secure bond
for the bail set by the trial court does not automatically render the bail
excessive.  Id.  If the ability to make bond in a specified amount
controlled, the role of the trial court in setting bond would be unnecessary
and the accused would be able to set his own bond.  Gonzalez v. State,
996 S.W.2d 350, 353 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  

To show that he is unable to make bail, a defendant generally
must show that his funds have been exhausted.  See Ex parte Willman, 695
S.W.2d 752, 754 (Tex. App. —Houston [1st Dist.] 1985, no pet.).  Unless he has
shown that his funds have been exhausted, a defendant should show that he made
an unsuccessful effort to furnish bail before bail can be determined to be
excessive.  Id.

Cooper testified at the writ hearing that he was employed before
his arrest as a home health worker and he took care of his mentally disabled
brother.  He lived at home with his mother part of the time and with a friend
part of the time.  Including his brother’s disability checks, he stated that
the monthly household income was about $1,300 to $1,400.  Cooper testified that
he does not have the cash, or any other assets, to pay a bail bondsman.  On
cross-examination, he denied any knowledge of the proceeds from the pawned
items from the robberies.  

Appellant’s brother, Roderick, was the only other witness to
testify.  He testified that he had spoken to two or three unidentified bondsmen
who said they would “work with” him if he were able to get the bond lowered.  He
testified that he worked for a “temp service,” and that he made about $1,200 in
a good month.  Roderick testified that he sold his car to raise money for the
bond and received $1,100, about $800 of which remained.  He was unable to
testify to any specific information about how much money Cooper and his other
family members had or could raise to post bond.  Roderick estimated that the
family had raised between $1,500 and $1,700 that his mother is holding for
Cooper’s bond.  He was unable to provide a definite amount because he stated
that his mother did not trust him with the money.  

This unsupported, vague and conclusory testimony does not
justify a reduction in the bonds.  See Ex parte Chavfull, 945 S.W.2d 183,
186-87 (Tex. App.—San Antonio 1997, no pet.) (affirming refusal to lower bond despite
mother’s testimony that defendant had no money and family could only raise
$1000); Balawajder v. State, 759 S.W.2d 504, 506 (Tex. App.—Fort Worth
1988, pet. ref’d) (noting that vague references to inability to make bond do
not justify a reduction in the amount set); Ex parte Miller, 631 S.W.2d
825, 827 (Tex. App.—Fort Worth 1982, pet. ref’d) (recognizing that it is
incumbent on the accused to show that he has made an effort to obtain a bond in
the amount set).  Because Cooper provided only general information supporting
his claimed inability to make bail and efforts to secure bond, the trial court
could have properly concluded that the amount of bail was reasonable under the
circumstances.  See Scott, 122 S.W.3d at 870.  

Safety of
the Victim and the Community

The future safety of both the community and the victim of the
alleged offense are to be considered in determining the appropriate amount of
bond.  See Tex. Crim. Proc. Ann. art 17.15(5) (Vernon 2005).  The
repeated and unprovoked acts of violence in these cases pose a significant risk
to the community.  In making his ruling, the judge stated on the record that he
considered the nature of the offenses and the need to protect the community in
denying Cooper’s requested bond reduction.  The trial court may have concluded within
its discretion that the number of offenses, together with the escalating
pattern of violence, warranted a bail sufficient to ensure the safety of the
community as a whole and of the individual victims and witnesses who may
testify at trial.  See Chavfull, 945 S.W.2d at 187 (considering
defendant’s potential danger to the community as a factor in denying reduction
of bond).

Other
Factors

The trial court may also consider the defendant’s work
record; family and community ties; length of residency; and his prior criminal
record.  Maldonado, 999 S.W.2d at 93.  There is no mention in the record
of Cooper’s prior arrests or other criminal history, if any.  There is scant
testimony about the other factors.  The only evidence of his ties to the community
was that his two brothers and mother reside in Harris County.  Cooper and his
brother testified that Cooper had no family outside of Texas and that if he
were released on bond, Cooper would stay in Harris County.  Cooper owns no
property in Texas.  There is no evidence that he is married or has children in
Texas.  If Cooper failed to appear at trial, only his family’s money would be at
risk, rather than his own.  The trial court may have determined within its
discretion that appellant’s ties to the community were insufficient to assure
his appearance at trial.  See, e.g., Brown, 959 S.W.2d at 373 (refusing
to lower bond where seriousness of crime and potential punishment together with
insufficient ties to the community made applicant a flight risk).

Conclusion

Cooper has not met his burden to establish that the bonds in
these cases are excessive.  We hold that the trial court did not abuse its
discretion in denying his request to lower the bonds. 

Accordingly, we overrule Cooper’s sole issue and affirm the
trial court’s order.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  At the
writ hearing, the prosecutor provided the trial court with the information
concerning probable cause for the charged offenses.  See Tex. R. Evid.
101(d(1)(E) (stating that the Texas Rules of Evidence do not apply in a hearing
to lower bail); Garcia v. State, 775 S.W.2d 879, 880 (Tex. App.—San
Antonio 1989, no pet.) (holding that the hearsay rule did not apply in habeas
corpus proceedings seeking a reduction of bail and considering the unsworn
summation by the prosecutor).