In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00330-CR
_____

### EX PARTE BILLY JOE HAYS

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 14563 (2373)**

### MEMORANDUM OPINION

Billy Joe Hays filed a pre-indictment application seeking a writ of habeas corpus, asking the trial court to require that he be released from jail, either on a personal bond, or on a bond that he could afford. *See* Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1) (West Supp. 2012).[1] Citing *Ex parte Matthews*, 327 S.W.3d 884 (Tex. App.—Beaumont 2010, no pet.), the trial court denied Hays's request for relief. We affirm the trial court's order.

---

[1]With respect to release from custody, article 17.151 of the Code provides in relevant part that

> [a] defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

> (1) 90 days from the commencement of his detention if he is accused of a felony[.]

1

Hays has been in custody since March 22, 2012, when he was arrested for felony theft. The justice of the peace, acting as a magistrate, set Hays's bail at $15,000. More than ninety days after his arrest, Hays filed an application seeking to obtain a writ of habeas corpus requesting his release on bond, asserting that as of the date of his application, the State had not returned an indictment against him. *See* Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1). Because Hays, at that time, was being detained pending the trial of another accusation, a misdemeanor, on which the applicable period had not elapsed, the trial court denied his initial application seeking to be released from jail. *See* Tex. Code Crim. Proc. Ann. art. 17.151 § 2(2) (West Supp. 2012) (providing that a defendant's release is not required if the defendant is being detained pending trial of another accusation "as to which the applicable period has not yet elapsed").

After the trial court denied his first application for release, Hays pled "no contest" to the misdemeanor accusation which was unresolved when the trial court conducted the hearing on Hays's initial application. On the misdemeanor charge, the trial court sentenced Hays to the time he had served.

Subsequently, Hays filed a second application seeking to be released from jail; in it, Hays again relied on the provisions of article 17.151 which generally require a defendant's release if he has not been indicted within the applicable statutory periods. *See id.* § 17.151 § 1. In his second application seeking release, Hays requested that the trial

---

Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1) (West Supp. 2012).

court allow him to post a personal bond, or a bond in an amount that he could afford to obtain his release. Once again, the trial court denied Hays's application, ordering that he "remain confined pending the posting of bail previously set in the indictment now pending against him." In denying the second application, the trial court relied on its responsibility to consider the safety of the community in deciding whether to lower a defendant's bond or to release him on a personal bond.

Hays contends the trial court abused its discretion in denying his second request for release. Generally, a court's discretion in determining whether a defendant should be given his release on bail is governed by article 17.15. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2005) (providing rules for fixing a defendant's bail). In Hays's case, the trial court denied his second application for release based on the future safety of the community, one of the matters the trial court is expressly allowed to consider in deciding whether to release a defendant on bail under article 17.15. *See id*. In *Matthews*, we held that article 17.15 places a mandatory duty on trial courts to consider both the safety of the victim and the safety of the community in fixing bail, including those cases that involve the State's having failed to return an indictment within the period provided by article 17.151 § 1. *See Ex parte Matthews*, 327 S.W.3d at 887-88 (concluding that article 17.151 focuses only on the defendant's ability to pay, while article 17.15 contains multiple considerations for setting bail); *see also Ex parte Kretzer*, 2011 Tex. App. LEXIS 5327 (Tex. App.—Beaumont July 13, 2011) (not designated for publication), *pet. dism'd*

*improvidently granted*, 2012 Tex. Crim. App. LEXIS 507 (Tex. Crim. App. May 16, 2012).

On appeal, Hays argues that the trial court abused its discretion by failing to order his release on a personal recognizance bond based on the mandatory requirements of article 17.151. *See* Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1). In response, the State argues the trial court properly considered Hays's four prior convictions on charges of indecency with children in refusing to lower Hays's bail.[2] Additionally, before the hearing on his second application, a grand jury indicted Hays for state jail felony theft, the crime which had resulted in his incarceration beginning March 22, 2012. *See* Tex. Penal Code Ann. § 31.03(e)(4)(A) (West Supp. 2012).

Orders setting bail are reviewed on appeal to determine whether a trial court has abused its discretion in setting bail. *See Ex parte Ruiz*, 129 S.W.3d 751, 753 & n.2 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981)). In this case, we must determine whether the trial court made a reasonable decision when it decided to maintain a $15,000 bond requirement even though Hays had been held without having been indicted beyond the ninety-day period provided in section 17.151. *See* Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1). Here, the

---

[2]At the writ hearing, the prosecutor provided the trial court with the information concerning Hays's four prior convictions, which were alleged as enhancement paragraphs in the indictment for the charged offense. *See* Tex. R. Evid. 101(d)(1)(E) (stating that the Texas Rules of Evidence do not apply in a hearing to lower bail); *Garcia v. State*, 775 S.W.2d 879, 880 (Tex. App.—San Antonio 1989, no pet.) (holding that the hearsay rule did not apply in habeas corpus proceeding seeking a reduction of bail in considering the unsworn summation of the prosecutor).

information before the trial court reflects that Hays had been convicted of four prior felonies and also had a more recent conviction on a charge of misdemeanor theft. While the four felony convictions all occurred in 1992, all of them were for sexual offenses involving children. At the hearing, Hays presented nothing to show the trial that it should not consider him to be a continuing danger as a repeat sex offender in light of these four prior convictions that had involved children. The trial court could also consider Hays's recent conviction for misdemeanor theft as tending to indicate that Hays, despite having four prior felonies, had not been able to avoid violating the State's criminal laws. In the absence of evidence to explain why the trial court should not consider Hays to be a repeat sex offender, considering Hays's recent conviction for theft, and considering the fact that Hays had been indicted on charges of felony theft when the hearing on his second application occurred, we cannot say that the trial court's concern that Hays would reoffend if released on a personal bond was outside the zone of reasonable disagreement.

We hold the trial court has not been shown to have abused its discretion by maintaining Hays's bail at $15,000. Having overruled Hays's sole issue, we affirm the trial court's order.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 28, 2012
Opinion Delivered October 31, 2012
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.