# NO. 12-21-00221-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| | § | *APPEAL FROM THE 392ND* |
| *EX PARTE:* | § | *JUDICIAL DISTRICT COURT* |
| *STEPHEN THOMAS ROONEY* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an appeal from the denial of relief in a habeas corpus proceeding. In two issues, Appellant argues that (1) the trial court erred in denying his application because the State failed to prove that it had probable cause to arrest and continue to detain him, and (2) the trial court lacked subject matter jurisdiction. We affirm.

### BACKGROUND

Appellant was arrested for aggravated assault and aggravated assault with a deadly weapon. Appellant filed a pretrial application for writ of habeas corpus, in which he contended that there was no probable cause to hold him for the offenses for which he was arrested and the amount of bail set for the offenses is excessive. The trial court denied relief, and this appeal followed.

### PROBABLE CAUSE

In his first issue, Appellant argues that the trial court erred in denying his application because there was no probable cause to arrest[1] him and continue to detain him.

---

[1] At the hearing on his application, Appellant also argued that there was no evidence or insufficient evidence of probable cause that an offense had been committed.

**Standard of Review and Applicable Law**

A trial court's denial of habeas corpus relief is reviewed for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Shires*, 508 S.W.3d 856, 860 (Tex. App.–Fort Worth 2016, no pet.). A finding of an abuse of discretion requires the court to determine that the trial court acted arbitrarily or unreasonably. *See Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.–Fort Worth 2017, no pet.). We view the facts in the light most favorable to the trial court's ruling. *See Ex parte McIntyre*, 558 S.W.3d 295, 299 (Tex. App.–Fort Worth 2018, pet. ref'd).

Texas Code of Criminal Procedure, Article 11.01 mandates that when a person is restrained in his liberty, the writ of habeas corpus will issue for the purpose of showing why the person is held in custody or is under restraint. *See* TEX. CODE CRIM. PROC. art. 11.01 (West 2005); *Garcia v. State*, 775 S.W.2d 879, 880 (Tex. App.–San Antonio 1989, no writ). The appropriate standard when a probable cause hearing is required for any extended restraint of liberty following a warrantless arrest is the same as that for arrest. *See Garcia*, 775 S.W.2d at 881. When one is held in custody under complaint and seeks release by habeas corpus, it is incumbent upon the State to introduce against him sufficient evidence to show probable cause for holding him in custody. *Id.*

In order to establish probable cause to arrest, the evidence must show that, at the time of the arrest, "the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002); *Lewis v. State*, No. 01-09-00530-CR, 2010 WL 3450246, at *2 (Tex. App.–Houston [1st Dist.] Aug. 31, 2010, no pet.) (mem. op., not designated for publication).

**Discussion**

In the instant case, the trial court heard testimony from Henderson County Sheriff's Deputy Victor Parras, who testified that he was dispatched in response to a disturbance report involving an assault.[2] He further testified that he received additional information from dispatch

---

[2] At trial, Appellant objected to the admissibility of hearsay evidence in this proceeding, arguing that the rules of evidence apply to habeas corpus proceedings related to probable cause. *See Garcia v. State*, 775 S.W.2d 879, 880–81 (Tex. App.–San Antonio 1989, no writ). The trial court found that there was probable cause for Appellant's arrest and continued detention, even without consideration of the given hearsay evidence. On appeal,

that the suspect had a knife, but the knife had been taken away from him and he was restrained at the scene. When he arrived at the scene, Parras handcuffed Appellant and placed him in his patrol vehicle while he investigated the matter.

Parras testified that he interviewed the victim, Katy Brigham, who told him that Appellant was hitting rocks into the roadway with a bat, one of which almost struck her vehicle and, as a result, she confronted Appellant and the two began to argue. Parras further testified that according to Brigham, during the argument, Appellant slapped her three times. Parras stated that he observed a bat as well as a knife on the ground close to the area where the witnesses restrained Appellant. Parras further stated that Brigham took video of the incident with her phone, which she sent to him on his county-issued cellular phone to view. According to Parras, in the video, he observed Appellant and Brigham, he observed Appellant holding a bat, and he observed Appellant reach into the vehicle and slap the phone out of Brigham's hand.

Parras also testified that he interviewed Ronnie Lawson, who told him that Appellant was swinging a bat at Brigham's car and that he reached into the vehicle and knocked a phone out of her hands. Moreover, Parras spoke to Brian Freeman and Michael James, Jr. According to Parras, James told him that Brigham, his girlfriend, called him and told him she had been assaulted, and when he arrived at the scene, he and Freeman confronted Appellant, who, in response brandished a knife and held it to Freeman's throat. Parras stated that the two men were able to restrain Appellant by holding him down on the ground until police arrived but that Freeman received a small abrasion on his chin during the altercation, which he believed to be caused by the knife. Parras testified that swinging a bat and holding a knife to someone's throat could cause serious bodily injury or death. Parras further testified that after he gathered information, he Mirandized Appellant, and, following a medical check, transported him to the Henderson County Jail for booking.

Based on the foregoing facts, we conclude that, at the time of the arrest, the facts and circumstances within Parras's knowledge and of which he had reasonably trustworthy information from the witnesses he interviewed, were sufficient to warrant a prudent man's belief

---

Appellant argues that when the hearsay evidence is eliminated, the remaining evidence is not sufficient to support probable cause. In his brief, Appellant identifies the hearsay evidence in question as the complaint, which was admitted into evidence in the trial court. We do not rely on this evidence in our consideration of Appellant's first issue. Appellant further alleges that Parras did not have personal knowledge of the events leading up to Appellant's detention but does not make any specific argument on appeal as to which, if any, of Parras's testimonial statements constitute inadmissible hearsay. *See* TEX. R. APP. P. 38.1(i); ***Wolfe v. State***, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017).

that Appellant committed aggravated assault and aggravated assault with a deadly weapon. *See Steelman*, 93 S.W.3d at 107; *see also* TEX. PENAL CODE ANN. § 22.02(a)(1), (2) (West Supp. 2021). Therefore, we hold that the trial court did not abuse its discretion by denying Appellant's application for writ of habeas corpus because there was sufficient evidence to support probable cause for Appellant's arrest as well as for his continued detention. *See Garcia*, 775 S.W.2d at 881. Appellant's first issue is overruled.

### SUBJECT MATTER JURISDICTION

In his second issue, Appellant argues that because there is no indictment in the record, the trial court lacked subject matter jurisdiction. The State responds that the trial court did not need an indictment to consider Appellant's application for writ of habeas corpus regarding probable cause for his arrest and continued detention and the issue of bail.

As set forth previously, the writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. TEX. CODE CRIM. PROC. ANN. art 11.01. Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the court of criminal appeals, the district courts, the county courts, or any judge in those courts. *See id.*, art. 11.05 (West 2005); *cf. Ex parte Williams*, 786 S.W.2d 781, 782 (Tex. App.–Houston [1st Dist.] 1990, pet. ref'd (district judge had jurisdiction to hear application for writ of habeas corpus and grant relief even though indictment for offense is pending in county court). Therefore, we hold that the trial court had jurisdiction to consider and rule upon Appellant's application for writ of habeas corpus regardless of whether an indictment had been filed in his case. Appellant's second issue is overruled.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's denial of his application for writ of habeas corpus.

GREG NEELEY
Justice

Opinion delivered June 16, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 16, 2022**

**NO. 12-21-00221-CR**

**EX PARTE:**
**STEPHEN THOMAS ROONEY**

Appeal from the 392nd District Court
of Henderson County, Texas (Tr.Ct.No. CV21-0652-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order denying his application for writ of habeas corpus below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*